Campbell, Chief Justice,
reviewing the facts found to be established, delivered the opinion of the court.
The petition in this case as originally filed was demurred to, and the case was dismissed for want of jurisdiction, 48 C. Cls., 33. This ruling was affirmed by the Supreme Court, 231 U. S., 326. It was definitely held that section 153, Judicial Code (R. S., sec. 1066), providing that the jurisdiction of this court shall not extend to any claim against the Government “growing out of, or dependent on, any treaty stipulation entered into with foreign nations” remains in effect, notwithstanding the broadening of the court’s jurisdiction by the Tucker Act of 1887. It was, however, considered by the Supreme Court that the petition might be *115 subject to amendment so as to present a claim that the United States is liable to the claimant as upon implied contract. The court said:
“If the petition can be fairly said to present the claim that the United States, not simply by virtue of succession to sovereignty under the treaty of cession, but through its subsequent transactions with the appellant, and by contract to be implied from such transactions, has become indebted to the appellant, we think that the claim, as thus limited, would be within the jurisdiction of the court below under the act of 1881.”
The case was remanded to this court for further proceedings upon the theory of implied contract.
The plaintiff has filed an amended petition, to which the defendant has not demurred, though we think it may be said, accurately, of the amended petition, as was said by the Supreme Court of the original, “that the averments of the petition lack definiteness.”
Upon the hearing of the case in this court the plaintiff’s argument principally consists of an effort to show that the United States Government is responsible to the plaintiff because of its succession to sovereignty in the Philippines. This theory has been rejected by the Supreme Court.
The claim that the United States Government has accepted the benefits of the cables, and has “ assumed and adopted all of the obligations, and the performance of all of the conditions, accepted by the Kingdom of Spain,” is not sustained by the evidence. It appears that soon after the occupancy of said islands by the United States, its authorities refused to recognize the claim of the plaintiff, and insisted upon paying the rates established by the plaintiff. The Government did not assume to fix the rates. It also appears that the cables themselves were changed and relocated for the benefit of the plaintiff and its customers, and for which the United States Government assumed no responsibility.
The plaintiff having received payments from the United States Government for the services rendered, could not, by its own system of bookkeeping, or by what it called a “ Suspense account,” vary the effect of the transaction or impose *116 an obligation upon the Government which it had not assumed. By this suspense account the plaintiff credited the United States Government with what it paid, and debited it with items which plaintiff was insisting upon; and statements of this account were rendered each year to some authority in the Philippines. But, manifestly, this would not make a contract between the parties to this action.
It appears that in 1905, after considerable correspondence with some of the authorities in the Philippines, the plaintiff pnid into the treasury there several thousand pounds. The receipt at Manila of that money was inconsistent with the position which the Government’s representatives at Washington had taken, and it can not be said that the receipt of the money by the auditor of the government of the Philippines was a receipt by the United States Government. The authority to bind the United States under such circumstances is not shown.'
We are of opinion that the plaintiff has shown no contract with the United States, and the petition should therefore be dismissed.
Hay, Judge, Downey, Judge, and Booth, Judge, concur.